UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MERRICK CARTER (#314080)                                     CIVIL ACTION

VERSUS

BURL CAIN - HEAD WARDEN, ET AL.                              NO. 07-0116-JVP-DLD

NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, this 17th day of June, 2010.

*[signature]*
DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MERRICK CARTER (#314080)**  CIVIL ACTION

**VERSUS**

**BURL CAIN - HEAD WARDEN, ET AL.**  NO. 07-0116-JVP-DLD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment of defendants Andrea Ferguson, Johnny Howard, David Ross, Jr., James Wilkinson, Burl Cain, Newman Dupas, Eric Burkes (identified in the plaintiff's Amended Complaint as "Eric Burke"), Louis Boyd (identified in the plaintiff's Amended Complaint as "Lloyd Boyd"), Danny Bonner and Joshwa Cain, rec.doc.no. 30.[1] This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against numerous LSP defendants, contending that the defendants have violated his constitutional rights by failing to provide him with timely receipt of his legal and personal mail.[2]

---

[1] Defendant Walter Newman has not joined in the instant motion and, instead has filed a Motion to Dismiss, rec.doc.no. 45, which shall be addressed in a separate Report and Recommendation.

[2] Attempts by the United States Marshal's Office to serve defendants James Tyler and Curtis Celestine have proven unsuccessful because the Louisiana Department of Public Safety and Corrections has refused to accept service on their behalf, specifically because defendants Tyler and Celestine have "retired". Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims against defendants James Tyler and Curtis Celestine be dismissed, without prejudice.

In addition, the Court notes that the plaintiff named in his original and first Amended Complaint, rec.doc.nos. 1 and 4, numerous defendants who he identified only by their last names or generically as "C-Team D-Team at Camp J, Camp C Jaguar". As a result, the Louisiana Department of Public Safety and Corrections refused to accept service on behalf of these

The moving defendants now assert, relying upon the pleadings, a Statement of Undisputed Facts, and certified copies of the plaintiff's administrative remedy proceedings, that the plaintiff has failed to exhaust administrative remedies relative to the claims asserted against them. Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

In accordance with 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to commencement of suit in federal court relative to prison conditions. This provision is mandatory and allows for no exceptions. Further, a prisoner must exhaust his administrative remedies by complying with all applicable rules and regulations governing the grievance process. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004). In other words, not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with all prison deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). In Johnson v. Johnson, supra, the Court recognized that the primary purpose of the administrative exhaustion requirement is to

---

defendants, stating that it "need[ed] first names" in order to accept service. See rec.doc.no. 15. Thereafter, the Court entered an Order, rec.doc.no. 17, directing the plaintiff to provide "full names and/or more specific information ... in order that these defendants may be identified and served." The plaintiff was specifically placed on notice that "in the absence of further identifying information which shall permit service of process to be effected upon these defendants, the defendant[s] shall be dismissed from this proceeding for failure of the plaintiff to effect service within the delays allowed by law." Id. Although the plaintiff was thereafter able to provide the identities of "Sgt. Burk" (Eric Burkes), "Sgt. Newman" (Walter Newman), "Sgt. Boyd" (Louis Boyd) and "Sgt. Cain" (Joshwa Cain), allowing for these defendants to be served, he has failed to provide better identifying information for "Sgt. Johnson", "Sgt. Blackmore", "Sgt. Griffin", "Sgt. Mealey" or "Sgt. Gordon" or the "C-Team D-Team at Camp J, Camp C Jaguar". Accordingly, It is appropriate that the plaintiff's claims asserted against these latter un-served defendants be also dismissed, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" Id. In other words, "the grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit." Id. Accordingly, to be deemed adequate, an inmate's administrative grievance must be sufficiently specific, both in specifying a complaint and, where appropriate, in identifying the person or persons responsible for the events complained of.

With regard to the plaintiff's claims asserted against the moving defendants, he referred specifically in the "Exhaustion" section of his Complaint to a single administrative grievance commenced by him on or about September 29, 2006. A review of the administrative record relative to this grievance, which was assigned No. LSP-2006-3419, reflects that, with three exceptions, the plaintiff does not complain therein of misconduct by any of the individual defendants named in this proceeding.[3] To the contrary, the plaintiff names in his grievance Richard Stalder, Shirley Coody,

---

[3] In pertinent part, the plaintiff's grievance reads as follows:

Merrick Carter #314080
vs.
Richard Stalder, Shirley Coody, Warden Burl Cain, Col. Honeycut and the entire staff.

Complaint
....The security on both shifts are always holding my mail which is causing me not to hear from my family.
   I have had security to tell me Sgt. So On [?] don't want to give you your mail.
   It have been to Major Smith attention a few times.
   Just to name a few Sgt. Jason, Sgt. Boyd, Sgt. Goudeau, Lt. Stemmrich, Lt. Bone.
   While on Level # three August of this year I was on Cuda 2 Left 3. St. Lewis told the other security guard: Cell 3 don't get any mail! ....
   I bought the matter to Shirley Coody, but apparently nothing was never done because I'm still having the problem.... By me bringing this to Shirley Coody she is in violation for not properly training a trainnee. Warden Burl Cain, Richard Stalder, Col. Honeycut and the entire staff is in violation of U.S. federal mail.
   While on Gar 1-Left in '02, I had 10,000 dollars mailed to my account. The security guard working the store hadda take the money out some kinda way cause the next week the money was gone....
   Sgt. Penny worked a few times with Sgt. Johnson. He even said Johnson was playing with my mail. It's a ongoing ordeal with the security everywhere I go they are always not giving me my mail. Sgt. Jason worked with Johnson. He said Johnson was doing the same thing not giving me

Warden Burl Cain, Col. Honeycut, Major Smith, Sgt. Jason, Sgt. Boyd, Sgt. Goudeau, Lt. Stemmrich, Lt. Bone, Sgt. Lewis, Sgt. Penny (or Denny), Sgt. Johnson and Sgt. Griffin, none of whom are named as defendants herein with the exception of Burl Cain, Louis Boyd and Walter Johnson.  He complains in this grievance principally that Sgt. Lewis and Sgt. Johnson are instructing security officers not to give him his mail and that his complaints to supervising officials have not resulted in any assistance.  His prayer for relief in this grievance is solely "that Sgt. Lewis [and] Sgt. Johnson not come work back around me at all."

Based upon the foregoing, the Court concludes that the plaintiff has failed to exhaust administrative remedies relative to his claims asserted against the appearing defendants who are not named in the grievance, Andrea Ferguson, Johnny Howard, David Ross, Jr., James Wilkinson, Newman Dupas, Eric Burkes, and Danny Bonner.  By failing to name these defendants in his grievance, he provided insufficient information to prison personnel that he was complaining of these defendants' conduct, that he was requesting that any action be taken against them, or that he was requesting that any investigation be conducted into their activities.  In other words, the plaintiff failed to provide a fair opportunity to prison officials to address his claim asserted against these defendants.  In the Court's view, his mere reference in the grievance to wrongdoing by "the entire staff" is insufficient to support a finding that he exhausted administrative remedies as to any unnamed persons.[4]

---

mail.
    I came off Level # one 9/26/06 off Cuda 3 Left 12.  While Sgt. Lewis and Griffin was working C team.  I imagain they was holding mail by not giving me mail....
    Relief desired: That Sgt. Lewis, Sgt. Johnson not come work back around me at all.


    [4]    In later pleadings, the plaintiff made reference to several other administrative grievances which he allegedly filed relative to the claims asserted in this proceeding. Accordingly, the Court directed the defendants to provide certified copies of proceedings undertaken in response to these administrative grievances. See rec.doc.no. 34. It appears from a review of these additional administrative grievances that they were all filed after the filing of the original Complaint in this case and so are not pertinent to the claims asserted against the moving

In addition, as to defendant Louis Boyd, although this defendant is mentioned in the plaintiff's grievance, there are no facts provided with regard to any actions taken by defendant Boyd, and all that the grievance states, after asserting that security officers have informed the plaintiff that someone on the staff doesn't want the plaintiff to receive his mail, is "[j]ust to name a few ... Sgt. Boyd ...." Accordingly, the grievance is ambiguous as to whether defendant Boyd is alleged to have himself withheld the plaintiff's mail or is merely alleged to have reported to the plaintiff that other security officers have withheld the plaintiff's mail. Based upon this ambiguity, and based on the fact that the grievance is principally directed at the actions of Sgt. Lewis and Sgt. Johnson, and prays only that these officers not be allowed to work near the plaintiff, the Court concludes that the grievance fails to adequately exhaust administrative remedies as to defendant Boyd.

Similarly, although the plaintiff's grievance mentions defendant Burl Cain, stating that defendant Cain " is in violation of U.S. federal mail", the grievance provides no factual assertions whatever as to defendant Cain. As the Head Warden at LSP, defendant Cain is not alleged to have himself had any direct or personal involvement in delivery of the plaintiff's mail or any direct supervision over security officers on the plaintiff's tier charged with responsibility for delivering the plaintiff's mail. Accordingly, not only does the grievance fail to adequately exhaust administrative remedies as to any specific claim made against defendant Cain, but the plaintiff also fails to state a cause of action as to which relief may be granted under 42 U.S.C. § 1983. In this regard,

---

defendants in this proceeding. See Wendell v. Asher, 162 F.3d 887 (5th Cir. 1998), overruled by implication on other grounds, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Moreover, these grievances do not appear to relate to the moving defendants. In No. LSP-2007-1497, for example, the plaintiff complains of the actions of a Msgt. Pogue, not named as a defendant herein, in allegedly taken money from the plaintiff's inmate account. In Nos. LSP-2007-2309 and LSP-2007-2932, the plaintiff asserts claims "against Sgt. Newman" regarding tampering with the plaintiff's mail, and whereas Sgt. Newman is a defendant in this proceeding, he has not joined in the instant motion, so this grievance has no relevance to the moving defendants. Finally, in No. LSP-2007-2954, the plaintiff asserts a claim "against Sgt. Celestein" who has not been timely served in this proceeding and, so, is subject to dismissal for this reason.

pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing the alleged deprivation of constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinates or co-employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Nor does a failure to investigate or respond to the plaintiff's administrative grievances or complaints amount to a constitutional claim. Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). Accordingly, the plaintiff's claim asserted against defendant Cain is without legal foundation and must be dismissed.

## RECOMMENDATION

It is recommended that the plaintiff's claims asserted against James Tyler, Curtis Celestine, "Sgt. Johnson", "Sgt. Blackmore", "Sgt. Lewis", "Sgt. Griffin", "Sgt. Mealey", "Sgt. Gordon" and the "C-Team D-Team at Camp J, Camp C Jaguar" be dismissed for failure of the plaintiff to serve these defendants within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. It is further recommended that the Motion for Summary Judgment of defendants Andrea Ferguson, Johnny Howard, David Ross, Jr., James Wilkinson, Burl Cain, Newman Dupas, Eric Burkes, Louis Boyd, Danny Bonner and Joshwa Cain, rec.doc.no. 30, be granted, dismissing the plaintiff's claims asserted against these defendants for failure of the plaintiff to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, and that this matter be referred back for further proceedings relative to the plaintiff's claims asserted against the remaining defendant, Walter Newman.

Baton Rouge, Louisiana, this 17th day of June, 2010.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE