UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MERRICK CARTER (#314080)**                           CIVIL ACTION

**VERSUS**

**BURL CAIN - HEAD WARDEN, ET AL.**                    NO. 07-0116-JVP-DLD

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on August 16, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

DLD/PH

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MERRICK CARTER (#314080)**                               **CIVIL ACTION**

**VERSUS**

**BURL CAIN - HEAD WARDEN, ET AL.**                        **NO. 07-0116-JVP-DLD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss for Failure to State a Claim or, in the Alternative, Motion for More Definite Statement of defendant Walter Newman, rec.doc.no. 45. The plaintiff has not filed a memorandum in opposition to the defendant's motion.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against numerous defendants employed at LSP. As pertinent to the current posture of this case, the plaintiff contends that the single remaining defendant, Walter Newman, has violated the plaintiff's constitutional rights by failing to provide the plaintiff with timely receipt of legal and personal mail.

In his original Complaint, the plaintiff named as defendants only Burl Cain and unnamed members of "C-Team" and "D-Team" assigned to Camp J and Camp C at LSP. He alleged in the Complaint that "[t]hey always don't give me <any mail> it's a ongoing thing where ever I go. It was ofen times Sgt. Allen, Sgt. Jason, Sgt. Denny tried to bring mail to me but the other Sgt. stoped them. I bought it to the rank attention, but vary little was done about it. I'm being denied these rights cause of vendetta reasons, or just to irritate me.... I come back to Camp J April 27, '06.... Sgt. Johnson was denieing me mail as well as picture, magazines, newspapers, etc. I had the same problem at Camp C ...." In a supplemental Complaint, rec.doc.no. 4, the plaintiff named additional defendants, including "Sgt. Newman", but added no additional facts. Finally, in a second amended Complaint, rec.doc.no. 24, the plaintiff identified "Walter Newmen" as a defendant, but

again provided no additional factual development, prompting the current motion by the moving defendant.

Pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing an alleged deprivation of constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed.  Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983).  Any allegation that defendant Newman is responsible for the actions of his subordinates or co-employees is insufficient to state a claim under § 1983.  Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Further, pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a Complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief", so as to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly,  550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).  In addition, Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a plaintiff's Complaint is subject to dismissal if it fails "to state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atlantic Corp. v. Twombly, supra.  See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).  The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).  A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal,

\_\_ U.S. \_\_\_, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra.  Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

Based upon the foregoing, it appears that the plaintiff's Complaint fails to state a claim or cause of action as to defendant Walter Newman.  Specifically, there is no assertion of any direct or personal participation by this defendant in any violation of the plaintiff's constitutional rights, nor is there any assertion relative to the dates upon which any such constitutional violations may have occurred.  The factual allegations contained within the Complaint do not even mention defendant Newman or provide any information regarding his participation in the events complained of.  In short, the plaintiff has failed to assert any facts whatever relative to this defendant.  Instead, the plaintiff has merely listed this defendant as a defendant in the captions of the First and Second Amended Complaints, rec.doc.nos. 4 and 24.  On this record, therefore, there is no factual basis for the imposition of liability against defendant Newman.

Further, although a pro se plaintiff who has failed to state a claim upon which relief may be granted should ordinarily be allowed an opportunity to amend his Complaint in order to state such a claim, such opportunity need not be granted where the plaintiff has apparently pled his "best case", and where the underlying defect in his pleadings cannot be cured by amendment. See, e.g., Watson v. Walton, 68 F.3d 465 (5th Cir. 1995); Wilson v. Zimmerman, 2008 WL 2699740 (E.D. La. July 1, 2008).  In the instant case, the plaintiff has not filed any opposition to the instant motion, nor has he advised the Court of any additional factual development which he might provide if given an

opportunity to amend. He has provided no dates upon which defendant Newman allegedly withheld the plaintiff's mail, nor has he provided any information regarding specific items of mail withheld or delayed. In the absence of this information, or any indication that the plaintiff is able to supply more specific information, there is no reasonable justification for allowing the plaintiff an opportunity to amend his Complaint at this time.[1]

Accordingly, the plaintiff's claim asserted against defendant Walter Newman should be dismissed.

## RECOMMENDATION

It is recommended that the defendant's Motion to Dismiss for Failure to State a Claim or, in the Alternative, Motion for More Definite Statement, rec.doc.no. 45, be granted, dismissing the

---

[1] Moreover, it does not appear that the plaintiff's claim asserted against defendant Newman has been administratively exhausted as mandated by 42 U.S.C. § 1997e. This Court has previously concluded in this case, with respect to defendants who have been dismissed from this proceeding, that the plaintiff has failed to exhaust administrative remedies. See rec.doc.nos. 49 and 51. This conclusion is equally applicable to the plaintiff's claim asserted against defendant Newman. Specifically, in the plaintiff's grievance which he identified in his original Complaint as being the grievance wherein he exhausted his claims against the defendants named in this proceeding, he made no mention whatever of defendant Walter Newman nor any assertion that this defendant participated in any violation of the plaintiff's constitutional rights. Accordingly, it appears that this grievance was not sufficient to provide fair notice to prison officials of the plaintiff's specific complaints against defendant Newman so as to provide "'time and opportunity to address [these] complaints internally'", which is a basic purpose of the exhaustion requirement. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004). In later pleadings, the plaintiff made reference to several additional administrative grievances which he allegedly filed relative to the claims asserted in this proceeding. Accordingly, the Court ordered the defendants to provide certified copies of proceedings undertaken in connection with those administrative grievances. See rec.doc.no. 34. Upon a review thereof, it appears to the Court that these grievances were all filed long after the filing of the original Complaint in this case and so are not pertinent to the claims asserted in this proceeding. See Wendell v. Asher, 162 F.3d 887 (5th Cir. 1998), overruled by implication on other grounds, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies prior to commencement of his lawsuit in federal court). Accordingly, although the plaintiff has made reference to defendant Newman in subsequent grievance procedures, relative to alleged tampering with the plaintiff's mail, these grievances were filed after commencement of this proceeding, and so are insufficient to support an assertion of exhaustion relative to this defendant.

plaintiff's claim asserted against defendant Walter Newman, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on August 16, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**